# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| AMANDA RENEE GRAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:25-cv-03219-RK |
| PULASKI COUNTY JAIL- SHERIFF DEPARTMENT DETENTION FACILITY, et al., | ) |
| Defendants. | ) |

## ORDER

Plaintiff, who currently resides in Lavon, Texas, has filed *pro se* this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of her federally protected rights while confined at the Pulaski County Detention Center in Waynesville, Missouri. Plaintiff has moved for leave to proceed *in forma pauperis* ("IFP") without the prepayment of court fees or costs. As set forth below, if Plaintiff wishes to proceed with this case, she must first pay a partial filing fee and file an amended complaint on or before the deadline set by the Court.

### I. Plaintiff must pay a partial filing fee.

Pursuant to Local Rule 83.7(c), this Court must first determine whether an IFP applicant is capable of paying an initial filing fee. If the Court concludes that an applicant is not capable of paying the full filing fee, the Court may require the applicant to pay a partial filing fee. Local Rule 83.7(d). Upon review of Plaintiff's IFP application, this Court finds that Plaintiff is entitled to provisional leave to proceed IFP but is capable of paying a partial filing fee of $50.00.[1] Plaintiff must submit this partial filing fee by the deadline set forth below.

### II. Plaintiff must also file a superseding amended complaint.

In addition to paying the partial fling fee, due to insufficiencies in Plaintiff's present complaint, Plaintiff must also file a superseding amended complaint as set forth below. Plaintiff brings suit against the "Pulaski County Jail – Sheriff Department Detention Facility;" five John

---

[1] The Court notes that Plaintiff is married, does not have any dependents, has cash on hand, and is currently collecting unemployment. Doc. 2, pp. 1-5.

and Jane Doe Jail Staff, and one Jane Doe Nurse/ Medical Staff. Doc. 1, pp. 1-3. Plaintiff brings four claims against these Defendants related to her confinement at the Pulaski County Detention Center starting on September 20, 2023. *Id*. at 7-8. Plaintiff first claims that, due to a suspicion that she was concealing drugs, she was placed in an unhygienic administrative segregation cell for six days without a "proper toilet," where she was required to have a bowel movement on the floor of the cell. *Id*. at 7. Plaintiff next claims that she was denied mental health medications while confined, causing withdrawal, and that jail staff misinterpreted an X-ray that they believed showed that she had drugs in her upper digestive system. *Id*. Third, Plaintiff claims that these events caused her emotional distress, psychological trauma, and loss of dignity. *Id*. Finally, Plaintiff claims that she was denied a grievance form. *Id*. at 8.

Plaintiff alleges that Defendants' conduct violated her rights under the First and Eighth Amendments to the United States Constitution. *Id*. at 4. For relief, Plaintiff requests money damages and various forms of injunctive relief. *Id*. at 9.

Initially, the Court notes that Plaintiff brings multiple claims against multiple parties and the claims do not appear to arise out of the same transaction or occurrence. For instance, Plaintiff's allegations regarding the unhygienic conditions of her administrative segregation cell do not share a common question of law or fact to her claims regarding the denial of mental health medication or the denial of a grievance form. This is not allowed under Federal Rules of Civil Procedure 18(a) and 20(a)(2).[2]

Insofar as Plaintiff names several John and Jane Doe Defendants employed at the Pulaski County Detention Center, service of process cannot be issued on unknown Defendants. Plaintiff must provide identifying information for each named Defendant to allow for service of process. Although Plaintiff claims that she intends to seek each Defendants' identity through discovery, as set forth below, Plaintiff fails otherwise to name a cognizable Defendant against whom discovery may proceed.

---

[2] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

2

Even if Plaintiff's claims were properly joined and Plaintiff had sufficiently identified the individual Defendants, Plaintiff's present allegations fail to state a claim. Insofar as Plaintiff brings suit against the Pulaski County Detention Center or Sheriff's Department, a municipal jail or sheriff's department is not a cognizable legal entity or person subject to suit under § 1983 but is simply a subdivision of local government. *See Ketchum v. City of West Memphis*, 974 F. 2d 81, 82 (8th Cir. 1992); *Diggs v. City of Osceola*, 270 F. App'x 469, at *1 (8th Cir. 2008).

As to the individual jail and medical staff, "[l]iability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). To state a claim, Plaintiff must present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to supervise or act, which resulted in Plaintiff's injuries. *See generally Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S.662, 676 (2009). Thus, a claim based on a theory of *respondeat superior* is not an actionable claim under § 1983. *Iqbal*, 556 U.S. at 676 (vicarious liability is inapplicable to Section 1983 suits); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

Here, Plaintiff does not present sufficient allegations of fact as to any individual Defendants' personal involvement in her claims. Instead, she refers to the unnamed Defendants collectively without specifying what each individual Defendant did or failed to do in violation of her constitutional rights. As a result, Plaintiff's allegations are largely conclusory and do not include sufficient factual content that allows this Court to draw a reasonable inference that each individual Defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678 (a plaintiff must plead more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and must include "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Finally, insofar as Plaintiff claims that she was denied a grievance form, there is no violation of § 1983 for the mere failure process grievances or respond favorably to prison grievances. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Cain v. Norris*, No. 5:05CV00282, 2005 WL 3006843, at *3 (E.D. Ark. Oct. 19, 2005) ("Failing to rule on Plaintiff's behalf is simply not a constitutional violation in the

absence of other allegations or evidence."), *aff'd*, 193 F. App'x 642 (8th Cir. 2006); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (explaining that "an inmate grievance procedure is not constitutionally required" and citing cases in support). Therefore, Plaintiff's complaint currently fails to state a claim under § 1983.

For the foregoing reasons, Plaintiff's present complaint is not in compliance with the Federal Rules of Civil Procedure and raises allegations that fail to state a cognizable claim for relief. Because Plaintiff is proceeding *pro se* and IFP, the Court will give her an opportunity to file an amended complaint in this action in order to clarify her claims and put them in compliance with the Federal Rules of Civil Procedure. ***In so doing, Plaintiff should select the transaction or occurrence she wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting her facts and allegations to the defendant(s) involved in said occurrence.*** Plaintiff should only include in her amended complaint those claims that arose out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed. R. Civ. P. 20(a)(2). ***Alternatively, Plaintiff may choose to set forth as many claims she has against a single individual that have some relation to each other.*** *See* Fed. R. Civ. P. 18(a). She may join defendants only if appropriate.

As such, in an amended complaint, Plaintiff shall set out sufficient facts to show exactly ***who*** is involved in this lawsuit and ***what*** each individual defendant ***specifically did or failed to do*** in violation of Plaintiff's federally protected rights. Plaintiff shall provide sufficient allegations of fact to support her claims. Plaintiff also shall explain any injuries she suffered as a result of any Defendant's actions.

Plaintiff's amended complaint must encompass the allegations from his original complaint with any proposed amendments – ***in one complete document***. The proposed amended complaint will be a standalone document, and it may not refer back to the original complaint. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned in this case. Accordingly, the Clerk is directed to send Plaintiff a court-approved complaint form. Using the court-approved complaint form, and following all instructions on that form, Plaintiff is to file a proposed amended complaint in which she lists the defendants she wishes to sue and explains briefly how those defendants may have violated her legal rights. ***Plaintiff must do so in compliance with Federal Rules of Civil Procedure 18(a) and 20(a), as set forth herein***.

*If Plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence she chooses to advance in her amended complaint, she must file a separate case for each such claim(s) on <u>a separate complaint form</u> (or forms) and will be subject to a separate filing fee for each separate case*.

If Plaintiff seeks to proceed with this case, she must pay a partial filing fee and file a superseding amended complaint, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff is granted provisional leave to proceed IFP;

(2) Plaintiff shall pay to the clerk of the court for the Western District of Missouri, Western Division, a partial filing fee of $50.00;

(3) the Clerk of the Court is directed to send Plaintiff another set of civil rights forms for her use in filing an amended complaint;

(4) Plaintiff is directed to file a single superseding amended complaint, as specifically discussed herein; and

(5) Plaintiff's failure to both pay the required partial filing fee and amend as directed, on or before September 8, 2025, will result in the dismissal of this case without further notice.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: <u>August 8, 2025</u>.